13-564
Davis v. Padilla

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the
17th day of June two thousand fourteen.

Present:      ROSEMARY S. POOLER,
              PETER W. HALL,
              SUSAN L. CARNEY,
                     *Circuit Judges*.
_____

ROGER DAVIS,

                     *Plaintiff-Appellant*,


              -v-                                          13-564-cv

TERESA PADILLA, individually, RITA STEIN, individually,

                     *Defendants-Appellees*,

and

SURROGATES COURT OF THE STATE OF NEW YORK,
COUNTY OF NASSAU, JOHN B. RIORDAN, in his individual
and official capacity, SALLY DONOHOE, in her individual and
official capacity, VARIOUS OTHERS, now unknown who participated
in this action, individually and in their official capacities,

                     *Defendants*.
_____

Appearing for Appellant:       Roger Davis, Woodmere, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Roger Davis, appearing *pro se*, appeals from the January 10, 2013 judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*) sua sponte dismissing his complaint. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Questions of subject matter jurisdiction are reviewed de novo. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005). Even assuming that the district court erred in concluding it lacked jurisdiction based on the *Rooker-Feldman* doctrine, it correctly determined that it lacked jurisdiction based on the probate exception to federal jurisdiction. *Lefkowitz v. Bank of New York*, 528 F.3d 102, 107 (2d Cir. 2007). "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.* at 105 (internal quotation marks omitted).

We have considered the remainder of Davis's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2